UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK DUVALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-2431-B |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Dallas County's (the "County") Motion to Dismiss (doc. 17), filed September 9, 2006. The County argues that this action should be dismissed without prejudice under Rule 12(b)(6), Federal Rules of Civil Procedure, because Plaintiff Mark Duvall failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons explained below, the Court finds that it is appropriate to treat the County's motion as one for summary judgment, and it will afford the parties a reasonable opportunity to present all materials made pertinent to a Rule 56 disposition.

### I. Factual and Procedural Background

Duvall was incarcerated in the Dallas County Jail (the "Jail") from December 12, 2003 to December 26, 2003. (Pl.'s First Am. Compl. ["Compl."] at p. 5). While incarcerated, Duvall became ill and experienced cold sweats, fever, swelling, and vomiting. He claims that he sought medical treatment from the jail staff, but was refused. After Duvall was released on bail on December 26, 2003, he immediately sought medical attention. At some point after December 30, 2003, Duvall was diagnosed with methicillin resistant Staphylococcus aureus ("MRSA"), which he

1

claims to have contracted during his incarceration at the Jail. (Compl. at p. 6). On December 9, 2005, Duvall filed this civil action against the County under 42 U.S.C. § 1983, complaining that the County violated his constitutional rights by failing to provide proper medical treatment while he was incarcerated at the Jail in December 2003.

On September 19, 2006, the County moved to dismiss this action on the basis that Duvall failed to exhaust available administrative remedies as required by the PLRA. Duvall admits his failure to exhaust, but contends that special circumstances existed which should excuse him from having to comply with the exhaustion requirement.

## II. Analysis

As amended by the PLRA, 42 U.S.C. § 1997e(a) provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, *see Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Fifth Circuit has held that "[d]ismissal under § 1997e is made on pleadings without proof" and that "[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (quoting *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

There is no dispute here that Duvall failed to engage the grievance process in place at the Dallas County Jail. He argues, however, that he should be excused from the exhaustion requirement

2

for two reasons. First, he contends that no administrative remedies were "available" to him within the meaning of § 1997e(a) during his confinement at the Jail in December 2003 because he did not learn that he had MRSA until after his release from the Jail on December 26, 2003. Second, he claims that his health condition prevented him from submitting a grievance within 30 days of the alleged violation of his rights as required by the County's Inmate Grievance Procedures. The Court addresses each of these arguments in turn.

Duvall's first argument – that the County's grievance procedures were unavailable to him because he was not diagnosed with MRSA until after his release from the Jail on December 26, 2003 – has some superficial appeal. A number of circuits have held that litigants who bring suits concerning prison life after being released are not subject to § 1997e(a)'s exhaustion requirement. *See e.g. Norton v. The City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). These decisions are based on the plain fact that a prisoner, once released, is no longer a "prisoner confined in [] jail" within the meaning of § 1997e(a). Moreover, the legislative history to § 1997e suggests that Congress's purpose in enacting the PLRA was to reduce the number of frivolous lawsuits filed by prisoners on a "recreational" basis. *See Greig*, 169 F.3d at 167. "Congress deemed prisoners to be pestiferous litigants because they have so much free time on their hands and there are few costs to filing suit." *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Once a prisoner is released from confinement, however, "[o]pportunity costs of litigation rise . . ., diminishing the need for special precautions against weak suits." *Id.*; *Gibson v. Brooks*, 335 F.Supp.2d 325, 330 (D. Conn. 2004) ("Generally, formerly incarcerated individuals have no more incentive nor opportunity to pursue frivolous lawsuits than most people.").

3

Thus, "it is the plaintiff's status *at the time he files suit* that determines whether § 1997e(a)'s exhaustion provision applies." *Norton*, 432 F.3d at 1150 (emphasis added); *Nerness*, 401 F.3d at 876; *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Cox v. Mayer*, 332 F.3d 422, 424-25 (6th Cir. 2003); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002); *Greig*, 169 F.3d at 167. The County asserts that, while Duvall may have been released from the Jail on December 26, 2003, he has made several return visits since then, most notably from May 9, 2005 through March 31, 2006, during which time he filed this suit on December 9, 2005. (Def. Reply at 2). Thus, according to the County, Duvall was a "prisoner confined in [] jail" at the time he filed this lawsuit and, as such, is bound by the PLRA's exhaustion requirement. The question thus arises as to whether the exhaustion requirement applies to individuals who were in prison at the time their claim accrued, were later released from custody, and ultimately filed a lawsuit based on the earlier claim only after they were again incarcerated.

Other courts have found that § 1997e(a) does apply in such circumstances. In *Gibson v. Brooks*, 335 F.Supp.2d 325 (D. Conn. 2004), plaintiff Joseph Gibson filed a § 1983 civil rights suit against prison officials arising out of an alleged assault that occurred at a correctional facility on September 16, 1999. *Id.* at 326-27. Gibson was released from prison on December 15, 1999. *Id.* at 327. On October 3, 2001, he was reincarcerated and, during his confinement, filed his § 1983 action based on the earlier assault. *Id.* The district court held that both the literal language of § 1997e(a) and the statute's legislative history supported the conclusion that Gibson was subject to the exhaustion requirement because he was a prisoner *at the time he filed suit*. *Id.* at 330. As the *Gibson* Court put it:

> Admittedly, section 1997e(a) creates a rather odd situation in which a person's

4

>ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction. Gibson could have filed suit with respect to the September 16, 1999 incident in the 18-month period during which he was first on parole and later released. Had he filed within that time period, Gibson would not have been subject to the requirements of section 1997e(a). Upon his incarceration on October 3, 2001, however, Gibson became, once again, a "prisoner," subject to the PRLA's [sic] requirement that he exhaust any available administrative remedies prior to filing a lawsuit with respect to prison conditions. Gibson is a prisoner and was a prisoner on the date that he filed this suit, September 9, 2002. That his status as a prisoner bears directly on his ability to bring a lawsuit alleging a violation of constitutional rights is a result of congressional intention expressed in clear statutory language.

*Id.*; *see also Berry v. Kerik*, 366 F.3d 85 (2d Cir. 2004) (finding that prison's administrative grievance procedures were "available" to plaintiff during period when he "was reincarcerated in the custody of the agency against which he had grievances" despite "[t]he fact that his two reincarcerations were for offenses different from the one for which he was confined when his grievances arose[.]"); *cf. Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002) (plaintiff not excused from exhaustion requirement where he was a prisoner when he filed his complaint despite the fact that he was no longer a prisoner at the time of his appeal).

Based on those decisions and the plain language of the statute, the Court finds that Duvall is subject to the exhaustion requirement *provided that* he was incarcerated on December 9, 2005, the date he filed this action. There is neither any evidence in the record, nor any allegation in Duvall's complaint, however, that Duvall was incarcerated on that date. While the County asserts in its reply brief that "[t]he records of the Dallas County Sheriff's Department reflect that the Plaintiff was in the Dallas County Jail" when this suit was filed (Def.'s Reply at 2), it fails to cite to any evidence on that score. Even if it had, it would be inappropriate to consider such evidence in ruling on a Rule 12(b)(6) motion, where the Court's review is limited to the facts stated in the complaint and the

5

documents either attached to or incorporated in the complaint. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Nor can the County point to Duvall's complaint, as it fails to mention Duvall's whereabouts at the time the complaint was filed.

There is thus no present basis upon which the Court can determine whether Duvall was incarcerated when he filed this case. Nevertheless, as Duvall's status at that time is presumably a readily determinable fact, the Court finds that the best approach is to require the County to submit proof supporting its assertion that Duvall was incarcerated in the Dallas County Jail on December 9, 2005. Given the anticipated submission of such evidence, and the fact that the County has already submitted an affidavit as evidence in support of its reply brief to its Rule 12(b)(6) motion, the Court finds that it is appropriate to convert the County's Rule 12(b)(6) motion into one for summary judgment.[1] When, in connection with a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" FED. R. CIV. P. 12(b); *Gen. Guar. Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966). The court has discretion whether to consider the extraneous materials. *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). The court considers whether converting the motion and materials submitted into a summary judgment inquiry will likely facilitate the disposition of the action. *Id*. If a motion to dismiss is so converted,

---

[1] The Court notes that there is some uncertainty in the Fifth Circuit as to whether exhaustion is a component of the plaintiff's claim or an affirmative defense that must be pleaded and proved by the defendant. *See Johnson v. Johnson*, 385 F.3d 503, 516 n. 7 (5th Cir. 2003). The Fifth Circuit has stated that "[d]ismissal under § 1997e is made on pleadings without proof" and that "[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." *Underwood*, 151 F.3d at 296. The exhaustion issue may nevertheless be raised by summary judgment, however. *See Moore v. St. Tammany Parish Jail*, 113 Fed. Appx. 585, 586 (5th Cir. 2004); *Austin v. Ward*, 92 Fed. Appx. 80, 82 (5th Cir. 2004).

"all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(b).

The Court finds that a Rule 56 conversion will facilitate the disposition of this action. So finding, the Court must give the parties a reasonable opportunity to present all materials they believe are relevant to a Rule 56 inquiry. *Id.* Because the exhaustion issue involved here is relatively straightforward, the Court believes that an accelerated schedule is appropriate. Accordingly, the County is directed to submit to the Court all materials made pertinent to a Rule 56 inquiry on or before December 11, 2006. Duvall may file any responsive materials on or before December 21, 2006.

The Court next considers Duvall's argument that he should be absolved from having to comply with § 1997e(a)'s exhaustion requirement because his health condition prevented him from submitting a grievance within 30 days of the alleged violation of his rights as required by the County's inmate grievance procedures. There is no disagreement that, at the time Duvall was incarcerated in the Jail in December 2003, the County had administrative grievance procedures in place which allowed inmates 30 days to file a grievance based on an alleged rights violation. (Pl. Resp. at 2). Duvall contends that he was unable to comply with the 30-day requirement because of his poor health and the fact that he was in the hospital. Duvall relies on the Fifth Circuit's decision in *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). In *Days*, Frank Days filed a § 1983 suit against the Director of the Texas Department of Criminal Justice – Institutional Division and various other prison officials based on injuries suffered to his hand due to a fall in prison. *Id.* at 864, 866. Days had attempted to file grievances based on the incident but they were deemed untimely. *Id.* Days claimed that his injuries prevented him from timely filing the grievances. The Fifth Circuit found that, in light of his

7

injury, Days had sufficiently alleged that he had exhausted the administrative remedies that were personally available to him. *Id.* at 867. Based strictly on "the narrow facts of this case", the Court held that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." *Id.* at 368.

This case does not fall within the holding of *Days*. Because, as is undisputed, Duvall never filed a grievance, the County could not have rejected an attempt to exhaust as untimely. *Days* does not hold that a physical injury excuses an inmate from *ever attempting* to exhaust available administrative remedies. It is thus premature at this time to conclude that the County's grievance procedures were "unavailable" to Duvall.

### III.  Conclusion

In conclusion, the Court declines to rule on the County's motion to dismiss at this time, and instead converts it, pursuant to Rule 12(b), into a motion for summary judgment. The County is accordingly directed to submit all material made pertinent to a Rule 56 inquiry on or before December 11, 2006. The County is specifically directed to provide evidence supporting its assertion that Duvall was incarcerated in the Dallas County Jail on December 9, 2005, when he filed this suit. Duvall must submit his responsive Rule 56 materials on or before December 21, 2006.

**SO ORDERED**.  SIGNED December 1, 2006.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE